10-4623-cv
Swiatkowski v. Citibank

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of November, two thousand eleven.

PRESENT:

> Robert D. Sack,
> Peter W. Hall,
> Raymond J. Lohier, Jr.,
> *Circuit Judges*.

————————————————————————————

Lidia Swiatkowski,

> *Plaintiff-Appellant*,

v.                                                              10-4623-cv

Citibank, jointly and severally DBA Citigroup, DBA Citimortgage, DBA (CMI) Servicing Agent, *et al*.,

> *Defendants-Appellees*.

————————————————————————————

FOR APPELLANT:          Lidia Swiatkowski, *pro se*, Massapequa, NY.

FOR APPELLEES:          Bennett R. Katz, Katz & Rychick P.C., (Stephen Pippenger, *of counsel*), New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Lidia Swiatkowski, proceeding *pro se*, appeals from the district court's judgment granting the defendants' motion to dismiss her complaint as barred by the *Rooker-Feldman* doctrine and the doctrines of collateral estoppel and *res judicata*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In reviewing the dismissal of a complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6), this Court reviews a district court's factual findings for clear error and its legal conclusions *de novo*, construing the complaint liberally, accepting all factual allegations therein as true, and drawing all reasonable inferences in plaintiff's favor. *See Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (Rule 12(b)(1)); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (Rule 12(b)(6)). In adjudicating a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), courts may consider "evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Moreover, "where public records that are integral to a . . . complaint are not attached to it, the court, in considering a Rule 12(b)(6) motion, is permitted to take judicial notice of those records." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by that court in its thorough and well-reasoned decision. Swiatkowski attempts to avoid application of the *Rooker-Feldman* doctrine by asserting that she is challenging the defendants' conduct in bankruptcy court in litigating a proof of claim, as opposed to their conduct in state court foreclosure proceedings. The validity of the proof of claim at issue, however, depended entirely on the validity of the underlying state court foreclosure judgment such that a decision in Swiatkowski's favor would effectively amount to "declar[ing] the state court judgment fraudulently procured and thus void." *See Kropelnicki v. Siegel*, 290 F.3d 118, 129 (2d Cir. 2002), *narrowed on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Swiatkowski's assertion, in fact, supports the district court's conclusion that her claims were barred by the doctrines of collateral estoppel and *res judicata* in light of determinations made in the bankruptcy proceedings.

We have considered Swiatkowski's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3